# Exhibit F

Case 3:24-cv-00010-SFR   Document 45-6   Filed 03/05/25   Page 2 of 9
John Grande v. Hartford Board of Education, et al.
Natasha Banks                                                                    Job Date:10/29/2024

```
 1              UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF CONNECTICUT
 3
 4
 5   Case No. 3:24-cv-00010-JAM
 6   ------------------------------------x
 7   JOHN GRANDE,
 8                  Plaintiff,
 9      -versus-
10   HARTFORD BOARD OF EDUCATION, ET AL.,
11                  Defendants.
12   ------------------------------------x
13
14             DEPOSITION OF NATASHA BANKS
15
16      Taken pursuant to the Federal Rules of Civil
17   Procedure, at the Hilton Garden Inn, 1181 Barnes Road,
18   Wallingford, Connecticut, before Vicki S. McManus, a
19   Licensed Shorthand Reporter and a Notary Public in and
20   for the State of Connecticut, on Tuesday,
21   October 29, 2024, at 8:57 a.m.
22
23
24
25
```

Case 3:24-cv-00010-SFR   Document 45-6   Filed 03/05/25   Page 3 of 9
John Grande v. Clinton Board of Education
Natasha Banks                                                                                   Job Date:10/29/2024

1  A    I did.

2  Q    Do you recall what the statement said?

3  A    Generally it said that there was a -- it was her

4  testimony regarding the incident that occurred.

5  Q    And can you tell me what you remember from that?

6  A    Generally that, you know, she had engaged in a

7  workshop, that she had went into a breakout session,

8  and in that breakout session there was some

9  inappropriate and unprofessional behaviors, that the

10 behaviors were I think specifically around

11 white-shaming, man-bashing, and then some profanity was

12 used.

13 Q    What do you consider inappropriate and -- I'm

14 sorry, what is the other word you used?  Inappropriate

15 and --

16 A    Unprofessional.

17 Q    Unprofessional conduct at work.  What do you

18 consider?

19 A    There is a lot under inappropriate and

20 unprofessional.  But I would say that generally it is

21 violations of what we believe expected behaviors to be

22 in the workplace.

23 Q    If someone expresses an opinion about something,

24 what would make that opinion unprofessional or

25 inappropriate?

Dobin-Grandela v. Clinton Board of Education, et al.
Natasha Banks                                                                 Job Date:10/29/2024

```
 1      A    As my mother always used to say, it's not what
 2   you say, it's how you say it.  So there is definitely a
 3   tone; use of words, that could be vulgar, it could be
 4   offensive.  That is the crux.
 5           It could be also the way in which it's displayed,
 6   your comments or your opinions.
 7      Q    Okay.  So you reviewed this statement and you
 8   also reviewed the grievance decision.  Did you review
 9   anything else?
10      A    I believe that I was able to see a small snapshot
11   of the actual workshop information, slides or what have
12   you.
13      Q    Okay.  So I'm just -- put this in the context for
14   me.  A small snapshot, what do you mean by that?
15      A    Well, we were on Zoom.  So it was a shared screen
16   where there was, you know, a rolling through of the
17   actual workshop.
18      Q    Like going through slides?
19      A    Some slides or some -- some evidence, some
20   documents of the workshop.
21      Q    There is a video of that?  You watched a video of
22   that?
23      A    No.  No, I was on a Zoom, so Miss --
24   Attorney Strange and I were on a Zoom having this
25   conversation.  We weren't in person.
```

Case 3:24-cv-00010-SFR    Document 45-6    Filed 03/05/25    Page 5 of 9
John Grande v. Clinton Board of Education
Natasha Banks                                                                    Job Date:10/29/2024

1  you aware that Mr. Grande would be receiving some type
2  of punishment?
3      A    I don't recall.
4      Q    So let's think back between -- between the
5  predisciplinary meeting, which I'll represent to you
6  was in October of 2021 --
7      A    Yes.
8      Q    -- and this, which was issued in December 10th of
9  2021.  Is that correct?
10     A    Yes.
11     Q    Between that time, did you have any discussions
12 with anyone about Mr. Grande's matter?
13     A    Not to my recollection.
14     Q    So you never talked to Ed Wilson about this
15 matter during that period?
16     A    No.  Not to my recollection.  I could tell you
17 generally we had a lot going in our department, so
18 we -- if it wasn't a matter that was causing a lot of
19 confusion as to what the judgment should be, we didn't
20 have much conversation.  And I don't recall this, so I
21 don't believe that this situation was one that was
22 causing concern in terms of the outcome.
23     Q    So you never had a conversation with Mr. Wilson
24 or anyone else about whether this letter of reprimand
25 would affect Mr. Grande's First Amendment right to free

Case 3:24-cv-00010-SFR   Document 45-6   Filed 03/05/25   Page 6 of 9
John Grande v. Clinton Board of Education
Natasha Banks                                                                    Job Date:10/29/2024

```
 1   speech?
 2      A    No.
 3      Q    Do you know if anybody else ever had that
 4   conversation?
 5      A    Not that I know of.
 6      Q    Do you know of anyone else -- and I'm thinking
 7   particularly teachers who attend professional
 8   development sessions.  Do you know of anyone else that
 9   ever got punished or received a letter of reprimand for
10   comments made at a professional development session?
11      A    It's a loaded question.  I don't recall off the
12   top of my head.  I've done thousands of investigations.
13      Q    Out of the thousands, you don't recall anyone
14   that ever --
15      A    I don't recall at a professional development --
16   you are asking professional development.
17      Q    Correct.
18      A    If I -- if I am candid with you, a lot,
19   unfortunately more than you'd like, are receiving
20   discipline over unprofessional, inappropriate behavior
21   with staff; staff to staff, as well as staff to
22   students.
23      Q    Got you.  Okay.  But you don't ever remember
24   anything particularly about someone making comments
25   about what they thought about a professional
```

Natasha Banks | John Grande v. Clinton Board of Education | Job Date: 10/29/2024

1  A  I wouldn't call it not appropriate.  I would just
2  say it's better to have some distance.
3  Q  Okay.  And what exactly is a superintendent level
4  hearing in the grievance process?
5  A  So in the contract there is an outline that the
6  superintendent has designees that would support a
7  decision regarding a dispute that arises from the union
8  in a grievance standpoint and administration.
9  Q  And when you say designees, you mean hearing
10 officers?
11 A  Yes.
12 Q  And you were one of those designees?
13 A  Yes.
14 Q  So you were designated by the superintendent --
15 A  Yes.
16 Q  -- to do that?
17 A  Our office was, yes.
18 Q  Got you.  So the superintendent was aware of
19 grievances?
20         MS. STRANGE:  Objection.
21 A  Aware to the extent of what?
22 BY MR. HETHERINGTON:
23 Q  Was the superintendent informed about every
24 grievance?
25 A  No.

Case 3:24-cv-00010-SFR   Document 45-6   Filed 03/05/25   Page 8 of 9
John Grande v. Hartford Board of Education
Natasha Banks                                                    Job Date:10/29/2024

```
 1   Schools.
 2      Q   Why did you appear on behalf of the Hartford
 3   Board of Education?
 4      A   As a high level executive in the office of talent
 5   management, I attended, as well as Attorney Ed Wilson
 6   and our city attorney, Attorney Mizerak.
 7      Q   Why was the Hartford Board of Education unwilling
 8   to remove the letter of reprimand from Mr. Grande's
 9   file?
10            MS. STRANGE:  I'm just going to object
11         to that.  You were there, counsel was there.
12         So are you asking her to talk about
13         privileged conversations?
14            MR. HETHERINGTON:  No, I'm not.  I'm
15         asking why Hartford Board of Education was
16         unwilling to remove it.
17            MS. STRANGE:  When?  At that meeting?
18            MR. HETHERINGTON:  Anytime.
19            MS. STRANGE:  So you can answer as long
20         as you don't talk about anything -- any legal
21         advice.
22      A   Removing discipline from a file would require,
23   obviously, a process in which Mr. Grande prevailed.
24   BY MR. HETHERINGTON:
25      Q   Okay.  And that's the only reason you can think
```

Case 3:24-cv-00010-SFR    Document 45-6    Filed 03/05/25    Page 9 of 9
John Grande v. Clinton Board of Education
Natasha Banks                                                    Job Date:10/29/2024

```
 1  of?
 2    A   We believed the appropriate discipline was
 3  issued.  Otherwise it would not have gone to the
 4  written reprimand and been upheld.
 5            MR. HETHERINGTON:  Can we just take a
 6        five-minute break?
 7            MS. STRANGE:  Sure.
 8            (Brief recess taken.)
 9  BY MR. HETHERINGTON:
10    Q   I just have a few follow-up questions.
11        At the beginning of the deposition we talked a
12  little bit about John Grande's prior case that was in
13  federal court.  Do you remember that?
14    A   Yes.
15    Q   You said that it was settled?
16    A   Yes.
17    Q   Did you sign any settlement agreement?
18    A   No.
19    Q   We also talked a little bit about investigations,
20  if you want to look at Exhibit 1 again --
21    A   Sure.
22    Q   -- in the side, and how investigations -- you
23  talk a little bit about how they can take place on both
24  sides of the office, right; that what was your side of
25  the office can also do investigations about certain
```