```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
--------------------------------------------------------------- x
JOHN GRANDE,                                    :
                                                :
                        Plaintiff,              :
                                                :
        v.                                      :   3:24-CV-00010 (SFR)
                                                :
HARTFORD BOARD OF EDUCATION ET AL,              :
                                                :
                        Defendants.             :
--------------------------------------------------------------- x
```

**MEMORANDUM & ORDER**

Defendants Tracy Avicolli and Edward Wilson, Jr. ("Defendants") have moved for reconsideration of my Opinion denying their motion for summary judgment on Count One of Plaintiff John Grande's complaint on qualified immunity grounds. Defs.' Partial Motion for Reconsideration as to Ruling on Motion for Summary Judgment Denying Qualified Immunity to Avicolli and Wilson ("Defs.' Mot."). ECF No. 49. For the reasons discussed below, I deny Defendants' motion for reconsideration.

**I.   BACKGROUND**

Grande filed this action on January 3, 2024, asserting claims of retaliation and compelled speech in violation of the First Amendment against the Hartford Board of Education and officials Leslie Torres-Rodriguez, Edward Wilson, Jr., and Tracy Avicolli. ECF No. 1. I assume the parties' familiarity with the factual and procedural background of this case.

All defendants moved for summary judgment on both the retaliation claim (Count One) and the compelled speech claim (Count Two). ECF No. 41. In an Opinion dated September 9, 2025, I granted the motion for summary judgment as to all defendants on Count Two. Regarding Count One, I granted the motion for summary judgment as to Wilson and Avicolli

1

in their official capacities and as to Torres-Rodriguez in her official and individual capacity. I denied summary judgment without prejudice on Count One as to the Hartford Board of Education. Finally, I denied the motion for summary judgment on Count One as to Wilson and Avicolli in their individual capacities. *See* Opinion, ECF No. 48. On September 16, 2025, Wilson and Avicolli filed a motion seeking reconsideration of my Opinion on the issue of qualified immunity. Defs.' Mot. Grande filed his response on November 24, 2025. Pl.'s Response re Motion for Reconsideration ("Pl.'s Resp."), ECF No. 51.

## II. <u>LEGAL STANDARD</u>

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration within seven days of the filing of the decision from which the party seeks relief. D. Conn. Local R. Civ. P. 7(c). The Second Circuit has repeatedly held that "[t]he standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "will generally be denied unless the [movant] can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an "intervening change of controlling law"; (2) where new evidence has become available; or (3) where there is a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). "Such motions must be

narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

### III.   DISCUSSION

Defendants argue that I should set aside my denial of summary judgment on qualified immunity grounds to avoid the "manifest injustice" of subjecting Defendants to potential personal liability "for doing their jobs as administrators of the District." Defs.' Mot. 3. Defendants assert that the Opinion defined "the clearly established right with a high level of generality," contrary to Supreme Court case law. Defs.' Mot. 4. In the Opinion, I concluded that it "is clearly established by Second Circuit and Supreme Court cases that raising concerns about gender or race discrimination [in] the workplace is speech about a matter of public concern, particularly when the concern extends beyond an individual plaintiff's situation." Opinion 35. But according to Defendants, "[t]he real question the Court should have asked is whether there was a clearly established law that prohibited the Individual Defendants from investigating and addressing a complaint of inappropriate language during this type of professional setting." Defs.' Mot. 4.

Defendants' argument reveals precisely why the qualified immunity issue could not be resolved prior to trial. Whereas Defendants assert that Grande was disciplined because of "inappropriate language," Grande maintains he was disciplined because of the viewpoint he expressed. I determined that Defendants' motive in disciplining Grande could not be resolved on the record before me because of disputed issues of fact, and thus qualified immunity was unavailable at the summary judgment stage of the case. *See* Opinion 37 (stating that qualified immunity was unavailable, in part, because "Grande has demonstrated issues of fact as to

3

whether the investigation and discipline were based on concerns about disruption or instead based on the viewpoint he expressed")

Defendants' motion discusses the Supreme Court's decisions in *Taylor v. Barkes*, 575 U.S. 822 (2015) and *City of Escondido v. Emmons*, 586 U.S. 38 (2019), which I considered and cited, along with the Second Circuit's recent qualified immunity decision in *Eaton v. Estabrook*, 144 F.4th 80 (2d Cir. 2025)—which itself relies on Supreme Court and Second Circuit precedent related to defining a "clearly established right" for purposes of qualified immunity analysis. Opinion 34. Defendants point to no overlooked case law nor raise any argument that I failed to consider in my decision to deny summary judgment. The fact that Defendants disagree with my analysis in denying summary judgment does not present grounds for reconsideration. *See, e.g.*, *Neubecker v. New York State*, 387 F. Supp. 3d 302, 305 (W.D.N.Y. 2019) ("Defendant's motion raises no new facts regarding this issue and offers no legitimate basis for reconsideration. To the contrary, Defendant merely cites the same district court case that it cited in its original motion papers.").

Defendants argue that the Opinion is manifestly unjust because they could face potential personal liability for performing their jobs. But Defendants may still raise defenses at trial, including qualified immunity and *Garcetti-Pickering* arguments. The Opinion simply determined that these issues turn on disputed issues of fact and could not be resolved at this stage of the case. If it is determined after trial that Defendants violated Grande's clearly established First Amendment rights, the imposition of liability is not a manifest injustice.

In sum, Defendants have not pointed to obvious legal error or new information "that might reasonably be expected to alter [my] conclusion." *Shrader*, 70 F.3d at 257; *Blinkoff v. City of Torrington*, No. 3:21-CV-1516 (SRU), 2025 WL 3216068, at *3 (D. Conn. Nov. 17,

2025). Instead, Defendants assert an argument that I have already thoroughly considered. Therefore, Defendants have failed to meet the strict standard required for granting a motion for reconsideration.

## IV. CONCLUSION

Accordingly, for the reasons discussed above, I deny Defendants' motion for reconsideration.

**SO ORDERED.**

New Haven, Connecticut
February 10, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge